# EXHIBIT A

| Court of Common Pleas of Philadelphia County<br>Trial Division<br># Civil Cover Sheet | For Prothonotary Use Only (Docket Number)<br>**AUGUST 2021**  **002222**<br>E-Filing Number: 2108046236 |
|---|---|
| **PLAINTIFF'S NAME**<br>CHRISTOPHER FINK | **DEFENDANT'S NAME**<br>CHRISTOPHER JONES |
| **PLAINTIFF'S ADDRESS**<br>956 HILLTOP ROAD<br>WARMINSTER PA 18974 | **DEFENDANT'S ADDRESS**<br>563 HIGH ST. APT. A<br>WOODBURY NJ 08096 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME**<br>ANGELA'S HAULING, LLC |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS**<br>1124 JARVIS ROAD<br>ERIAL NJ 08081 |
| **PLAINTIFF'S NAME** | **DEFENDANT'S NAME** |
| **PLAINTIFF'S ADDRESS** | **DEFENDANT'S ADDRESS** |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION |
|---|---|---|
| 1 | 2 | [X] Complaint  [ ] Petition Action  [ ] Notice of Appeal<br>[ ] Writ of Summons  [ ] Transfer From Other Jurisdictions |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000.00 or less<br>[X] More than $50,000.00 | [ ] Arbitration<br>[X] Jury<br>[ ] Non-Jury<br>[ ] Other: | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

**CASE TYPE AND CODE**
2V - MOTOR VEHICLE ACCIDENT

**STATUTORY BASIS FOR CAUSE OF ACTION**

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | FILED<br>PRO PROTHY<br>AUG 25 2021<br>S. RICE | IS CASE SUBJECT TO COORDINATION ORDER?<br>YES    NO |
|---|---|---|

**TO THE PROTHONOTARY:**
Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: CHRISTOPHER FINK
Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>KEVIN CLANCY. BOYLAN | ADDRESS<br>2005 MARKET STREET<br>SUITE 350<br>PHILADELPHIA PA 19103 |
|---|---|
| PHONE NUMBER<br>(215)446-9795 | FAX NUMBER<br>(215)446-9799 | |
| SUPREME COURT IDENTIFICATION NO.<br>314117 | E-MAIL ADDRESS<br>cboylan@forthepeople.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*KEVIN BOYLAN* | DATE SUBMITTED<br>Wednesday, August 25, 2021, 09:33 am |

FINAL COPY (Approved by the Prothonotary Clerk)

# Supreme Court of Pennsylvania
## Court of Common Pleas
## Civil Cover Sheet

Philadelphia County

**For Prothonotary Use Only:**

Docket No:

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

| Lead Plaintiff's Name: | Lead Defendant's Name: |
|---|---|
| Christopher Fink | Christopher Jones |

**Are money damages requested?** ☒ Yes ☐ No

**Dollar Amount Requested:** (check one)
- ☐ within arbitration limits
- ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

**Name of Plaintiff/Appellant's Attorney:** Kevin Clancy Boylan, Esq.

☐ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE**. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☒ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☐ Other:

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**
Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

Case ID: 210802222

Updated 1/1/2011

| | |
|---|---|
| **Morgan & Morgan Philadelphia, PLLC**<br>2005 Market St.<br>Suite 350<br>Philadelphia, PA 19103<br>(215) 446-9795<br>(215) 446-9799 (FAX)<br>www.forthepeople.com | Kevin Clancy Boylan<br>ID# 314117<br>cboylan@forthepeople.com<br><br>*Filed and Attested by the Office of Judicial Records 25 AUG 2021 09:33 am S. RICE* |

| | |
|---|---|
| **CHRISTOPHER FINK**<br>956 Hilltop Rd.<br>Warminster, PA 18974<br><br>      **Plaintiff**<br>   **v.**<br><br>**CHRISTOPHER JONES**<br>563 High St., Apt. A<br>Woodbury, NJ 08096<br><br>**ANGELA'S HAULING LLC**<br>1124 Jarvis Rd.<br>Erial, NJ 08081<br><br>      **Defendants** | IN THE COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY<br><br>CIVIL ACTION – LAW<br>JURY TRIAL DEMANDED<br><br>NO. 2021 –   – |

## NOTICE TO DEFEND

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.<br><br>*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*<br><br>Philadelphia Bar Association<br>Lawyer Referral<br>and Information<br>Service One<br>Reading Center<br>Philadelphia, Pennsylvania<br>19107<br>(215) 238-6333<br>TTY (215) 451-6197 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*<br><br>Asociacion De Licenciados<br>De Filadelfia<br>Servicio De Referencia E<br>Informacion Legal One<br>Reading Center<br>Filadelfia, Pennsylvania 19107<br>(215) 238-6333<br>TTY (215) 451-6197 |

Case ID: 210802222

| | |
|---|---|
| **Morgan & Morgan Philadelphia, PLLC**<br>2005 Market St.<br>Suite 350<br>Philadelphia, PA  19103<br>(215) 446-9795<br>(215) 446-9799 (FAX)<br>www.forthepeople.com | **Kevin Clancy Boylan**<br>ID# 314117<br>cboylan@forthepeople.com |

| | |
|---|---|
| **CHRISTOPHER FINK**<br>956 Hilltop Rd.<br>Warminster, PA 18974<br><br>      **Plaintiff**<br>   v.<br><br>**CHRISTOPHER JONES**<br>563 High St., Apt. A<br>Woodbury, NJ 08096<br><br>**ANGELA'S HAULING LLC**<br>1124 Jarvis Rd.<br>Erial, NJ 08081<br><br><br>      **Defendants** | **IN THE COURT OF COMMON PLEAS<br>OF PHILADELPHIA COUNTY**<br><br>**CIVIL ACTION – LAW<br>JURY TRIAL DEMANDED**<br><br>**NO. 2021 –  –** |

## COMPLAINT

AND NOW COMES the Plaintiff, Christopher Fink, by and through his counsel, Morgan & Morgan Philadelphia, PLLC, and hereby complains against the above named Defendants, and in support thereof avers as follows:

## PARTIES

1. The Plaintiff, Christopher Fink (hereinafter "Plaintiff") is an adult individual who resides at 956 Hilltop Rd., Warminster, PA 18974.

2. The Defendant, Christopher Jones (hereinafter "Defendant") is an adult individual who resides at 563 High St., Apt A, Woodbury, NJ 08096.

Case ID: 210802222

3. The Defendant, Angela's Hauling, LLC (hereinafter "AH") is a New Jersey Corporation with a registered address at 1124 Jarvis Rd., Erial, NJ 08081.

4. At all relevant times, AH regularly and systematically conducted and continues to conduct business in Philadelphia County, Pennsylvania.

5. At all relevant times, the Defendant was the agent, servant, workman and/or employee of AH, and was acting in the course and scope of his employment.

## FACTUAL BACKGROUND

6. On December 9, 2020, at approximately 7:08 a.m., the Plaintiff was eastbound on I-76 when he slowed down and came to a complete stop for rush hour traffic.

7. On the same date, place and time, the Defendant was operating a dump truck in the course and scope of his employment with AH and was traveling east bound.

8. Due to the Defendant's high rate of speed, he was unable to stop and smashed into the Plaintiff's vehicle.

9. The force of the impact sent the Plaintiff's vehicle into the back of the commercial vehicle in front of him.

10. As a result of the impact, the Plaintiff suffered serious injuries to his head, neck and back.

11. At all relevant times hereto, the Plaintiff acted in a safe, prudent and reasonable manner and in no way contributed to his injuries or damages.

## COUNT I
## NEGLIGENCE / RECKLESSNESS
## CHRISTOPHER FINK v. CHRISTOPHER JONES

12. The preceding paragraphs are incorporated herein by reference by reference as though fully set forth.

13. The negligence, carelessness and/or recklessness of the Defendant, individually and as the agent, servant, worker and/or employee of AH, consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his dump truck so as to avoid crashing into the Plaintiff;

    b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

    c. Driving too fast for the conditions;

    d. Failing to pay proper attention while operating his dump truck on I-76;

    e. Failing to take proper precautions in the operation of his dump truck so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

    f. Operating his dump truck in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

    g. Failing to exercise due care and caution under all of the existing circumstances;

    h. Failing to have his dump truck unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

    i. Failing to remain alert;

    j. Traveling at an excessive rate of speed under the circumstances in violation of the FMCSR;

    k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

    l. Failing to operate his dump truck in accordance with the Federal Motor Carrier Safety Regulations;

    m. Failing to properly control his dump truck in light of the circumstances then and there existing;

    n. Failing to make necessary and reasonable observations while operating his dump truck;

3

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiff;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of AH;

r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t. Violating FMCSA Regulation 395 dealing with hours of service;

u. Failing to adhere to the amount of hours limit in violation of the FMCSR;

v. Failing to properly inspect his dump truck in violation of the FMCSR;

w. Striking the Plaintiff's vehicle as a result of being on the road for more than the regulated amount of hours in violation of the FMCSR;

x. Striking the Plaintiff's vehicle as a result of driving in excess of the speed limit in violation of the FMCSR;

y. Consciously choosing to drive over the speed limit in violation of the FMCSR;

z. Consciously choosing to drive over the regulated amount of hours;

aa. Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met;

bb. Consciously choosing to continue driving despite realizing he was physically exhausted;

cc. Consciously choosing to drive at a high rate of speed in the left hand lane of I-76 during rush hour;

dd. Consciously choosing to drive at a high rate of speed in the left hand lane of I-76 in violation of the FMCSR despite knowing that traffic is susceptible to frequent stops;

  ee. Consciously choosing to drive over the speed limit in violation of the FMCSR despite knowing that he was creating an increased risk of crashing his tractor trailer; and

  ff. Acting with a conscious disregard for the rights and safety of the Plaintiff.

14. As a direct and proximate cause of the negligence and/or recklessness of the Defendant, the Plaintiff suffered the following injuries:

    a. Concussion;

    b. Post concussive syndrome;

    c. Cervical herniations;

    d. Cervical radiculopathy;

    e. Lumbar herniations; and

    f. Lumbar radiculopathy.

15. As a result of the aforesaid injuries, the Plaintiff, as of the time of the filing of this Complaint, has required treatment from, and continues to require treatment for the aforesaid injuries.

16. All of the aforementioned treatment for the Plaintiff's injuries has been deemed reasonable and necessary.

17. As a result of the aforesaid injuries, the Plaintiff sustained a loss of the everyday pleasures and enjoyments of life, and may continue to suffer the same for an indefinite period of time into the future.

18. As a result of the aforesaid injuries, the Plaintiff sustained embarrassment and humiliation and may continue to suffer the same for an indefinite period of time into the future.

Case ID: 210802222

19. As a result of the aforesaid injuries, the Plaintiff sustained physical and mental pain and suffering and may continue to suffer the same for an indefinite period of time into the future.

20. As a result of the aforesaid injuries, the Plaintiff has been obligated to expend various sums of money and incur various expenses for medical treatment and may be obligated to do so into the future.

21. As a result of the aforesaid injuries, the Plaintiff sustained an impairment of his earning capacity / potential.

**WHEREFORE**, the Plaintiff, Christopher Fink, hereby seeks all damages allowed under the Laws of the Commonwealth of Pennsylvania in addition to punitive damages from the Defendant, Christopher Jones, in an amount in excess of $50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

## COUNT II
## NEGLIGENCE / RECKLESSNESS
## CHRISTOPHER FINK v. ANGELA'S HAULING, LLC as being vicariously liable for Christopher Jones

22. The preceding paragraphs are incorporated herein by reference as though fully set forth.

23. The negligence, carelessness, and/or recklessness of AH, as being vicariously liable for the actions of Christopher Jones, consisted of, but is not limited to the following:

    a. Failing to maintain proper and adequate control of his dump truck so as to avoid crashing into the Plaintiff;

    b. Driving carelessly in violation of 75 Pa. C.S.A. 3714;

    c. Driving too fast for the conditions;

6

d. Failing to pay proper attention while operating his dump truck on I-76;

e. Failing to take proper precautions in the operation of his dump truck so as to avoid the collision that occurred with the vehicle being operated by the Plaintiff;

f. Operating his dump truck in a negligent, careless and reckless manner without due regard for the rights and safety of the Plaintiff;

g. Failing to exercise due care and caution under all of the existing circumstances;

h. Failing to have his dump truck unit under such control that it could be readily stopped, turned aside or the speed thereof slackened upon the appearance of danger;

i. Failing to remain alert;

j. Traveling at an excessive rate of speed under the circumstances in violation of the FMCSR;

k. Violating the applicable rules, regulations and laws pertaining to the safe and proper operation of motor vehicles and/or tractor trailer units;

l. Failing to operate his Mack Truck in accordance with the Federal Motor Carrier Safety Regulations;

m. Failing to properly control his dump truck in light of the circumstances then and there existing;

n. Failing to make necessary and reasonable observations while operating his dump truck;

o. Failing to take evasive action and/or failing to take appropriate and timely evasive action in order to avoid striking the vehicle operated by the Plaintiff;

p. Failing to timely and properly apply his brakes;

q. Violating both the written and unwritten policies, rules, guidelines and regulations of AH;

r. Failing to apprise himself of and/or abide by the Federal Motor Carrier Safety Regulations;

Case ID: 210802222

s. Failing to apprise himself of and/or abide by the regulations and laws pertaining to the operation of commercial vehicles;

t. Violating FMCSA Regulation 395 dealing with hours of service;

u. Failing to adhere to the amount of hours limit in violation of the FMCSR;

v. Failing to properly inspect his dump truck in violation of the FMCSR;

w. Striking the Plaintiff's vehicle as a result of being on the road for more than the regulated amount of hours in violation of the FMCSR;

x. Striking the Plaintiff's vehicle as a result of driving in excess of the speed limit in violation of the FMCSR;

y. Consciously choosing to drive over the speed limit in violation of the FMCSR;

z. Consciously choosing to drive over the regulated amount of hours;

aa. Consciously choosing not to pull his tractor trailer over when the regulated amount of hours on the road was met;

bb. Consciously choosing to continue driving despite realizing he was physically exhausted;

cc. Consciously choosing to drive at a high rate of speed in the left hand lane of I-76 during rush hour;

dd. Consciously choosing to drive at a high rate of speed in the left hand lane of I-76 in violation of the FMCSR despite knowing that traffic is susceptible to frequent stops;

ee. Consciously choosing to drive over the speed limit in violation of the FMCSR despite knowing that he was creating an increased risk of crashing his tractor trailer; and

ff. Acting with a conscious disregard for the rights and safety of the Plaintiff.

24. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Christopher Fink, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages

from the Defendant, Angela's Hauling, LLC, as being vicariously liable for Christopher Jones, in an amount in excess of $50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

## COUNT III
## NEGLIGENT and/or RECKLESS HIRING / SUPERVISION / RETENTION
## CHRISTOPHER FINK v. ANGELA'S HAULING, LLC

25. The preceding paragraphs are incorporated herein by reference as though fully set forth.

26. AH had an obligation / duty to hire, retain and supervise drivers who operate their vehicles in a safe manner.

27. The Plaintiff was injured as a result of an incident related to the Defendant's driving, more specifically, the Defendant's unsafe driving.

28. The negligence, carelessness and/or recklessness of AH, individually and through its various employees, servants, agents and/or workers including, but not limited to Christopher Jones, consisted of, but is not limited to the following:

    a. Failing to properly train, monitor and/or supervise its employees, drivers and/or agents including, but not limited to the Defendant;

    b. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his driving record made him unfit to safely operate a commercial vehicle;

    c. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his violation of FMCSA hours of service made him unfit to safely operate a commercial vehicle;

    d. Hiring and/or continuing to employ the Defendant despite the fact that he had a propensity for driving violations;

    e. Hiring and/or continuing to employ the Defendant despite the fact that that he had a propensity for speeding;

9

f. Hiring and/or continuing to employ the Defendant despite his previous driving record;

g. Failing to have an appropriate disciplinary policy within the company;

h. Hiring and/or continuing to employ the Defendant despite the fact that it knew or should have known that his propensity to break vehicular rules of various states could and/or would put the driving public at risk;

i. Permitting the Defendant to operate a dump truck when it knew or should have known that he was not properly qualified and/or trained;

j. Failing to train and/or properly train the Defendant prior to allowing him to operate its dump truck;

k. Allowing the Defendant to operate a dump truck in its possession when it knew or should have known that such operation posed a risk of danger to others lawfully on the roadway;

l. Failing to adopt appropriate employee manuals and/or training procedures;

m. Failing to enforce both the written and unwritten policies of AH;

n. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the written and unwritten policies of AH;

o. Failing to implement and/or enforce an effective safety system;

p. Failing to ensure that its management personnel and drivers were aware of the requirements and dictates of the FMCSA regulations;

q. Failing to ensure that its employees, drivers and/or agents complied with the provisions of the FMCSA regulations;

r. Failing to ensure that its employees, drivers and/or agents were aware of and complied with the rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

s. Violating the applicable rules, laws and regulations pertaining to and governing the operation of commercial vehicles;

t. Failing to monitor and/or regulate its drivers' actions;

u. Failing to monitor and/or regulate its drivers' hours;

    v. Failing to monitor and/or regulate speed at which the drivers drove;

    w. Failing to have an auditing system in place to audit its drivers' logs, or if they did have a system in place, they failed to utilize the system properly;

    x. Failed to use a 3rd party vendor to audit their drivers' logs, or if they did use a 3rd party vendor, they failed to use it appropriately;

    y. Failing to have a policy or mechanism in place to address cumulative fatigue in its drivers;

    z. Failing to have a policy or mechanism in place to address excessive speed;

    aa. Placing more emphasis on profits than on the safety of its drivers and the motoring public;

    bb. Knowingly violating federal and state law regarding the responsibilities of motor carriers and the operation of commercial vehicles; and

    cc. Failing to act upon and remedy known violations of FMCSA regulation 395.

29. As a result of the above-stated acts and omissions, the Plaintiff suffered such harm as has been previously stated herein.

**WHEREFORE**, the Plaintiff, Christopher Fink, hereby seeks all damages allowed under the laws of the Commonwealth of Pennsylvania, in addition to punitive damages from the Defendants, Angela's Hauling, LLC, in an amount in excess of $50,000.00 under the applicable statutes of the Commonwealth of Pennsylvania and the Local Rules of Court.

    Respectfully submitted,

    MORGAN & MORGAN PHILADELPHIA, PLLC

    BY:     /s/ Clancy Boylan
           CLANCY BOYLAN, ESQUIRE
           Attorney for the Plaintiff

## **VERIFICATION**

I, Kevin Clancy Boylan, hereby certify that the facts contained in the foregoing Complaint, are true and correct to the best of my knowledge, information and belief. I make this statement subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Date:  8/24/21

*/s/ Clancy Boylan, Esq.*
Kevin Clancy Boylan, Esq.